UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL CALIX, Plaintiff, individually and on behalf of all others similarly situated**<br><br>**VERSUS**<br><br>**APPLE INC., Defendant** | **CIVIL ACTION NO.**<br><br><br>**DISTRICT JUDGE**<br><br><br>**MAGISTRATE JUDGE** |

**DEFENDANT APPLE INC.'S NOTICE OF REMOVAL**

Defendant Apple Inc. ("Apple"), pursuant to 28 U.S.C. § 1441, removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Daniel Calix ("Plaintiff") and filed with the Clerk of the Eighteenth Judicial District Court of the State of Louisiana, Parish of West Baton Rouge, as an exhibit to a Notice to State Court of Removal to Federal Court.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On September 2, 2010, Plaintiff filed a purported class action captioned *Calix v. Apple Inc.*, Civil No. 38819, against Apple in the Eighteenth Judicial District Court of the State of Louisiana, Parish of West Baton Rouge ("State Court Action").

2. Apple was served with the State Court Action Citation and Petition on September 10, 2010. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Apple in the State Court Action are attached as Exhibit "1".

3. The Eighteenth Judicial District Court is located in the Middle District of Louisiana. 28 U.S.C. § 98(b). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## NO JOINDER NECESSARY

4. Because there are no other defendants in this action, no consent to removal is necessary.

## ALLEGATIONS OF THE COMPLAINT

5. This action is a putative class action against Defendants on behalf of Louisiana purchasers of Apple's iPhone, iPhone 3G, iPhone 3GS (collectively, "the iPhone"), or iPod touch. (Pet. ¶ 35) Plaintiff alleges that all of these devices contain a "liquid submersion indicator" in the device's headphone jack, and the iPhone 3G and 3GS contain such an indicator in their dock connector housing. (Pet. ¶ 14) Plaintiff alleges that Apple uses these liquid submersion indicators to determine whether liquid has entered the device. (Pet. ¶ 15) Plaintiff contends that Apple knows the liquid submersion indicators are not a reliable indicator of damage due to submersion, but still uses them to void its express warranty and its AppleCare Protection Plan.[1] (Pet. ¶ 16) He further alleges that customers whose warranties and AppleCare

---

[1] AppleCare provides an additional two years of repair coverage for an additional cost. (Pet. ¶ 11)

plans are voided are forced to replace their devices at their own expense, or pay early termination fees to AT&T to cancel their cellular telephone contracts.  (Pet. ¶¶ 24, 25)

6. Plaintiff seeks to represent "[a]ll Louisiana domiciliaries who, while residing in Louisiana, purchased an iPhone, iPhone 3G, iPhone 3GS, or iPod Touch and were denied Standard Warranty or Extended Warranty coverage because an external Liquid Submersion Indicator had been triggered, without determining whether the Apple Device had actually been damaged by liquid." (Pet. ¶ 35)  On behalf of Plaintiff and the putative class, the Petition attempts to state claims for:  (1) violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq*. and (2) breach of warranty.  (Pet. ¶¶ 46-62)  The Complaint seeks, *inter alia*, damages, restitution, statutory penalties, injunctive relief, attorney's fees, and costs.  (Petition, Prayer for Relief.)

7. Apple disputes Plaintiff's allegations, believes the Petition lacks merit, and denies that Plaintiff or the putative class members have been harmed in any way.

## BASIS FOR REMOVAL

8. This action is within the original jurisdiction of this Court, and removal is therefore proper under both the general diversity statute, 28 U.S.C. § 1332(a) and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

### This Case is Removable Under Section 1332(a)

9. This Action is removable under 28 U.S.C. § 1332(a) and § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. <u>Diversity</u>.  Plaintiff and the putative class members are citizens of Louisiana, and Apple is a citizen of California.  (Pet. ¶¶ 1, 2, 35)  Hence, there is complete diversity of citizenship.

11. <u>Amount in Controversy</u>.  This case meets the amount in controversy requirement. In accordance with Louisiana Code of Civil Procedure Article 893(A)(1), the Petition does not allege the dollar amount that Plaintiff is seeking.  However, the Petition seeks damages,

3

restitution, statutory penalties, and injunctive relief. (Petition, Prayer for Relief) The Petition also seeks attorney's fees. (*Id.*)

12. When the relief sought by Plaintiff is combined with attorney's fees, as permitted by *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864 (5th Cir. 2002), the amount in controversy for Plaintiff exceeds the $75,000 threshold. In *Grant,* Fifth Circuit held that "the federal district court's jurisdictional amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees." *Grant*, 309 F.3d at 869. In calculating the amount in controversy for class actions, "all awardable attorney's fees must be attributed to the class representatives to the exclusion of other members of the class." *Id.* at 870. As the Eastern District of Louisiana has recognized, this means that "class actions filed in Louisiana State Court will virtually always be removable." *Kemp v. Metabolife Int'l, Inc.*, No. 00-3513 Section "C" (4), 2003 U.S. Dist. LEXIS 17769, at *6 (E.D. La. Oct. 1, 2003).

13. If Plaintiff is successful in obtaining attorney's fees in this Action, those fees will likely exceed $75,000. The Eastern District of Louisiana has already recognized this in *Hellmers v. Countrywide Home Loans, Inc.*, No. 07-7703 Section "I" (1), 2008 U.S. Dist. LEXIS 4306 (E.D. La. Jan. 22, 2008), a case in which Calix's counsel represented the plaintiffs. There, the court denied a motion to remand on the grounds that counsel's fees would likely exceed $75,000. *See Hellmers*, 2008 U.S. Dist. LEXIS 4306 at *6 ("Considering the possibility that plaintiffs may recover attorney's fees in addition to any award of damages, the Court finds that the amount in controversy in any one plaintiff's claims likely exceeds $75,000.").

14. If awarded, attorney's fees will likely exceed the jurisdictional threshold whether calculated as a lodestar or a percentage of the recovery. If Plaintiff prosecutes this case through trial, his counsel will spend substantial time on numerous tasks, including: preparing and responding to written discovery; reviewing and preparing documents for production; deposing witnesses; preparing Plaintiff for deposition and trial testimony; retaining experts; preparing experts for deposition and trial testimony; deposing and cross-examining Apple's experts; traveling to attend court-mandated hearings; preparing various pre-trial filings; and preparing for

and attending trial. Given all the tasks necessary to prosecute this case to trial, it is likely that Plaintiff will incur attorney's fees sufficient to exceed the jurisdictional threshold.

15. This is demonstrated by previous fee petitions presented by these same Plaintiff's counsel. One of the firms representing Plaintiff, the Bohrer Firm, has previously requested a rate of $300 per hour in an action that was tried to judgment.[2] (*See* Ex. A at 4; *see also* Ex. B at 2 (affidavit of Philip Bohrer swearing that his hourly rate is $300)) Using this rate, counsel would only need to expend 251 hours to exceed the $75,000 threshold. In the *Johnson* case, counsel submitted 377.40 hours of Philip Bohrer's time, which amounted to $113,220 in fees. (Ex. A at 8; *see also* Ex. B at 2 (Bohrer affidavit swearing that the Bohrer Firm's lodestar (including paralegal time) was $116,463.75)) Because the class was decertified in that case, these hours reflected only the work done on the case necessary to prosecute the named plaintiff's claims; the total hours expended were likely much higher. (Ex. B at 2-3 (Bohrer affidavit swearing that he eliminated hours that were related to prosecuting the collective action)) Thus, even if only one of the firms representing Plaintiff is included, Plaintiff's fees will likely exceed $75,000.

16. The fees will also likely exceed the threshold if they are calculated as a percentage of the recovery. Plaintiff alleges that the class comprises "thousand[s], if not millions" of members. (Pet. ¶ 37) Plaintiff claims that he and the putative class members were forced to replace their iPhones (and iPod touches) at their own expense, and that replacement iPhones were sold at $199. (Pet. ¶¶ 25, 31) Assuming that Plaintiff could establish damages of $199 per class member and the class were only 2,000 individuals, the total recovery for the class would be approximately $400,000. To exceed the amount in controversy threshold, Plaintiff's counsel would need to seek only 19% of that recovery.

17. This is far lower than the percentages requested by Plaintiff's counsel in other cases. In one case, the Bohrer Firm requested 36.5% of the recovery in a class action settlement.

---

[2] The case was originally brought as a class action and certified as such, but the court later decertified the class and the case was tried on an individual basis. *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 699-700 (E.D. La. 2009).

(*See* Ex. C at 1; *see also* Ex. D at 1 (requesting 40% of the recovery)  Using 36.5%, the total recovery for the class would need to be a mere $206,000 for the fees to exceed the $75,000 threshold.  Using Plaintiff's theory of damages, this means the class need only comprise approximately 1,035 members.  This is far lower than Plaintiff's claim of "thousand[s], if not millions" of class members.

18. Thus, using either a lodestar or a percentage of recovery method, the amount in controversy requirement is met here.  While Apple disputes that it is liable to Plaintiff or any of the putative class members, that Plaintiff or the putative class members suffered injury or incurred damages in any amount whatsoever, or that Plaintiff is entitled attorney's fees, for purposes of satisfying the jurisdictional prerequisites of 28 U.S.C. § 1332(a), the matter in controversy exceeds $75,000.

## This Case is Removable Under CAFA

19. In addition to being removable under the general diversity statute, this case is removable under CAFA.  In CAFA, Congress granted the federal courts diversity jurisdiction over putative class actions where: (1) the putative class action consists of at least 100 proposed class members (28 U.S.C. § 1332(d)(5)(B)); (2) the citizenship of at least one proposed class member is different from that of any defendant (*Id.* § 1332(d)(2)(A)); and (3) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interests and costs (*Id*. §§ 1332(d)(2), (d)(6)).  Each of these requirements is satisfied here.

20. <u>Covered Class Action</u>.  This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b); (*see also* Pet. ¶ 34)

21. <u>Class Action Consisting of More than 100 Members</u>.  The Petition alleges, "Upon information and belief, the proposed class comprises thousand[s], if not millions of members."

(Pet. ¶ 37) Accordingly, based on Plaintiff's allegation, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

22. <u>Diversity – Plaintiff.</u> The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of the State of Louisiana. (Pet. ¶ 1)

23. <u>Diversity – Defendant.</u> Apple is "a California corporation with its principal place of business in California." (Pet. ¶ 2) Each member of the purported class is a citizen of a state (Louisiana) different from Apple (California). Thus, according to the allegations of Plaintiff's Petition, the diversity requirements of CAFA are satisfied as between Plaintiff and Apple.

24. <u>Amount in Controversy.</u> Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). The Petition alleges a violation of Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq.* and breach of warranty. Plaintiff seeks actual damages, restitution, statutory penalties, injunctive relief, and attorney's fees. (Petition, Prayer for Relief.) Without conceding any merit to the Petition's damages allegations or causes of action, the amount in controversy here satisfies CAFA's jurisdictional threshold.

25. The amount in controversy clearly exceeds $5,000,000. The Petition alleges that Apple's allegedly unlawful conduct has forced Plaintiff and members of the Class to repair or replace their iPhone or iPod Touch at their own expense. (Pet. ¶ 31) The Petition also alleges that Apple offers to sell replacement iPhones to customers for $199. (Pet. ¶ 25) Plaintiff claims that his class comprises "thousand[s], if not millions" of members. (Pet. ¶ 37)

26. Thus, Plaintiff's allegations place in controversy an amount in excess of $5,000,000. While Apple disputes that it is liable to Plaintiff or any of the putative class members, or that Plaintiff or the putative class members suffered injury or incurred damages in any amount whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5,000,000.

27. <u>No CAFA Exclusions.</u>  The action does not fall within any exclusion to removal of jurisdiction recognized by 28 U.S.C. § 1332(d), and therefore this action is removable pursuant to CAFA, 28 U.S.C. § 1332(d) and § 1453(b).

## CONCLUSION

28. For all the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§ 1332(a) and 1332(d).  Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

## NOTICE TO STATE COURT AND ADVERSE PARTY

29. Counsel for Apple certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Circuit Court for the Eighteenth Judicial District Court of the State of Louisiana, Parish of West Baton Rouge, as an exhibit to a Notice of Filing of Notice of Removal to Federal Court, and served upon counsel for Plaintiff.

WHEREFORE, Defendant Apple gives notice that the above-described action pending against it in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana, is removed to this Court.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC


By:  */s/ Quentin F. Urquhart*
QUENTIN F. URQUHART, JR. (#14475)
DOUGLAS J. MOORE (#27706)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

Counsel for Defendant Apple Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing notice has been served on all counsel of record by placing same in the United States mail, this 7th day of October, 2010.

                              */s/ Quentin F. Urquhart*
                              Quentin F. Urquhart